Patrick McMahon, WSBA #18809
Attorney for Defendants
Carlson & McMahon, PLLC
37 South Wenatchee Avenue, Suite F
P.O. Box 2965
Wenatchee, WA 98807-2965
509-662-6131
509-663-0679 Facsimile
patm@carlson-mcmahon.org

THE HONORABLE ROSANNA MALOUF PETERSON
NOVEMBER 4, 2018, 6:30 P.M.
WITHOUT ORAL ARGUMENT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA BRENT STULLER, individually and on behalf of all others similarly situated, | NO. 2:18-cv-00178-RMP |
| Plaintiff, | |
| vs. | DECLARATION OF PATRICK MCMAHON |
| CHELAN COUNTY, WASHINGTON; BILL LARSEN, in his official capacity as Interim Director of the Chelan County Regional Justice Center; LESLIE CARLSON, in her official capacity as the Chelan County Regional Justice Center Mental Health Manager, and their officers, agents, employees, and successors, | |
| Defendants. | |

DECLARATION OF PATRICK MCMAHON
Page 1

Carlson & McMahon, PLLC
37 South Wenatchee Ave. 3rd Floor, Ste. F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

I, Patrick McMahon, declare pursuant to the penalty of perjury that the foregoing is true and correct:

1.    I am licensed to practice law in the Eastern District Federal Court and in the State of Washington.

2.    The information contained in my Declaration is based on my personal knowledge and I am competent to testify to the matters set forth herein.

3.    I am the Attorney for the Defendants in the above-referenced matter.    I make this Declaration based on personal knowledge and am competent to be a witness herein.

4.    Attached hereto as **Exhibit No. 1** is a true and correct copy of the Second Amended Information filed on October 26, 2016.

5.    Attached hereto as **Exhibit No. 2** is a true and correct copy of the Affidavit for Search Warrant dated on October 12, 2015.

6.    Attached hereto as **Exhibit No. 3** is a true and correct copy of the Forensic Psychological Examination by Dr. Kenneth Muscatel, Ph.D. dated October 10, 2016.

7.    Attached hereto as **Exhibit No. 4** is a true and correct copy of the Judgment and Order for Acquittal by Reason of Insanity filed on October 28, 2016.

**Carlson & McMahon, PLLC**
37 South Wenatchee Ave. 3rd Floor, Ste. F
Post Office Box 2965
Wenatchee, WA 98807-2965
(509) 662-6131    Fax (509) 663-0679

8.      Attached hereto as **Exhibit No. 5** is a true and correct copy of the

Order for Conditional Release filed on December 19, 2017.

RESPECTFULLY SUBMITTED THIS 4TH day of OCTOBER, 2018.

CARLSON & McMAHON, PLLC

By    /s/ Patrick McMahon
            PATRICK MCMAHON, WSBA #18809
            Attorney for Defendants

            37 South Wenatchee Avenue, Suite F
            P.O. Box 2965
            Wenatchee, WA  98807-2965
            509-662-6131
            509-663-0679 Facsimile
            patm@carlson-mcmahon.org

WCRP05-02450\PLE Federal\DEC PM-100418

DECLARATION OF PATRICK MCMAHON
Page 3

**CERTIFICATION OF SERVICE**

I declare under penalty of perjury under the laws of the State of Washington that on October 4, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Washington using the CM/ECF system which will send notification of such filing to:

Andrew S. Biviano abiviano@pt-law.com

Breean L. Beggs bbeggs@pt-law.com

Mary Elizabeth Dillon bdillon@pt-law.com

And I certify that I have mailed by United States Postal Service the foregoing to the following non CM/ECF participants:

Signed at Wenatchee, Washington on October 4, 2018.

/s/    Patrick McMahon
PATRICK MCMAHON, WSBA #18809

DECLARATION OF PATRICK MCMAHON
Page 4

FILED
KIM MORRISON
Oct 26 2016
CHELAN COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CHELAN

STATE OF WASHINGTON,

Plaintiff,

vs.

JOSHUA B. STULLER,
DOB: 10/11/1988
SEX: MALE
SID:
FBI:

Defendant.

No.  15-1-00691-7

SECOND AMENDED INFORMATION

TO:    Joshua B. Stuller
       1419 Orchard Avenue
       Wenatchee, WA 98801

COMES NOW, Douglas J. Shae, Prosecuting Attorney for the County of Chelan, State of Washington, and by this information, accuses Joshua B. Stuller of the crime(s) of FELONY HARASSMENT (7 COUNTS), committed as follows, to-wit:

### Count I - Felony Harassment

That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury immediately or in the future to the person threatened or to any other person, and the words or

SECOND AMENDED INFORMATION -1-

DOUGLAS J. SHAE
CHELAN COUNTY
PROSECUTING ATTORNEY
401 Washington Street, 5th Floor
P.O. Box 2596
Wenatchee, WA 98807
(509) 667-6202

EXHIBIT ___1___


conduct did place said person in reasonable fear that the threat would be carried out, and the

defendant threatened to kill the person threatened or any other person, to-wit:  Lee Herring;

contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and against the

peace and dignity of the State of Washington.

That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

## Count II - Felony Harassment

That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or

about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury

immediately or in the future to the person threatened or to any other person, and the words or

conduct did place said person in reasonable fear that the threat would be carried out, and the

defendant threatened to kill the person threatened or any other person, to-wit:  Del Herring;

contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and against the

peace and dignity of the State of Washington.

That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

## Count III - Felony Harassment

That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or

about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury

immediately or in the future to the person threatened or to any other person, and the words or

conduct did place said person in reasonable fear that the threat would be carried out, and the

SECOND AMENDED INFORMATION -2-

DOUGLAS J. SHAE
CHELAN COUNTY
PROSECUTING ATTORNEY
401 Washington Street, 5th Floor
P.O. Box 2596
Wenatchee, WA 98807
(509) 667-6202

defendant threatened to kill the person threatened or any other person, to-wit:  Melissa Katerine

Bohart; contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and

against the peace and dignity of the State of Washington.

That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

### Count IV - Felony Harassment

That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or

about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury

immediately or in the future to the person threatened or to any other person, and the words or

conduct did place said person in reasonable fear that the threat would be carried out, and the

defendant threatened to kill the person threatened or any other person, to-wit:  Jolene Baker;

contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and against the

peace and dignity of the State of Washington.

That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

### Count V - Felony Harassment

That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or

about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury

immediately or in the future to the person threatened or to any other person, and the words or

conduct did place said person in reasonable fear that the threat would be carried out, and the

defendant threatened to kill the person threatened or any other person, to-wit:  Dane Lewman;

SECOND AMENDED INFORMATION -3-

DOUGLAS J. SHAE
CHELAN COUNTY
PROSECUTING ATTORNEY
401 Washington Street, 5th Floor
P.O. Box 2596
Wenatchee, WA 98807
(509) 667-6202

1  contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and against the

2  peace and dignity of the State of Washington.

3

4  That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

5

6

### Count VI - Felony Harassment

7  That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or

8

9  about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury

10 immediately or in the future to the person threatened or to any other person, and the words or

11 conduct did place said person in reasonable fear that the threat would be carried out, and the

12 defendant threatened to kill the person threatened or any other person, to-wit:  Kristy Flores;

13 contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and against the

14 peace and dignity of the State of Washington.

15

16 That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

17

18

### Count VII - Felony Harassment

19 That the said JOSHUA B. STULLER in the County of Chelan, State of Washington, on or

20 about October 10, 2015, knowingly and without lawful authority, did threaten to cause bodily injury

21

22 immediately or in the future to the person threatened or to any other person, and the words or

23 conduct did place said person in reasonable fear that the threat would be carried out, and the

24 defendant threatened to kill the person threatened or any other person, to-wit:  Jared McCubbin;

25 contrary to the form of the statute RCW 9A.46.020(1)(a)(i) and (b) and (2)(b)(ii), and against the

SECOND AMENDED INFORMATION -4-

DOUGLAS J. SHAE
CHELAN COUNTY
PROSECUTING ATTORNEY
401 Washington Street, 5th Floor
P.O. Box 2596
Wenatchee, WA 98807
(509) 667-6202

1  peace and dignity of the State of Washington.

2

3  That the maximum penalty for the above crime is 5 years in prison and/or a $10,000 fine.

4

5

6        DATED at Wenatchee, Washington this 26th day of October, 2016.

7

8                            Douglas J. Shae
                             Prosecuting Attorney

9

10                           Douglas J. Shae, WSBA # 17942

11                           Prosecuting Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SECOND AMENDED INFORMATION -5-

DOUGLAS J. SHAE
CHELAN COUNTY
PROSECUTING ATTORNEY
401 Washington Street, 5th Floor
P.O. Box 2596
Wenatchee, WA 98807
(509) 667-6202

## SUPERIOR COURT FOR CHELAN COUNTY

STATE OF WASHINGTON )
        )
COUNTY OF CHELAN  )

No. 15W14856
**AFFIDAVIT FOR SEARCH WARRANT**

The undersigned on oath states:

I am Seth J. Buhler, a Police Officer with the Wenatchee Police Department

That affiant states:

(XX)  Evidence of a crime:  Attempt to commit murder 1 and Stalking.

(XX)  Contraband, and indicia, the fruits of the crime, or things otherwise criminally possessed, consisting of, but not limited to:  Firearms, handguns, rifles, shotguns, ammunition, gun safes, holsters, magazines and other firearms accessories, cell phones, computers other electronic devices and documents related to the incident.

(XX)  Certain Premises: Washington License AMZ2253, a 2006 Ford Fusion, maroon in color, 4-dr, vehicle identification number 3FAHP08136R236765, registered to Joshua Brent Stuller. 1419 Orchard St, is a single level residence that is blue in color with white trim. It has the numbers 1419 affixed to the right door which faces north. To the back of the property is a detached apartment that is also a pool house. The pool house is also blue in color with white trim. It has a front door that faces east. The pool house/apartment is the residence of Joshua Stuller to be searched.

The affiant's belief is based upon the following facts and circumstances:

Training and Experience:

I, Seth J. Buhler, your affiant, have been a police officer with the Wenatchee Police Department for seven years. I am currently working as a detective. Prior to that I was a police officer with the Bakersfield Police Department in Bakersfield, CA for six and a half years. I successfully completed the California Commission on Peace Officer Standard and Training's Basic Law Enforcement Academy; a course of instruction consisting of 800 hours of training in all aspects of basic law enforcement. I have also completed the Washington State Criminal Justice Training Commission's Law Enforcement Equivalency Academy in Burien WA. This course of instruction consisted of 80 hours of familiarization with Washington State laws and criminal procedures. In addition, I have completed courses in: Street Gang Training, Narcotics Enforcement Training, Field Training Officer, Domestic Violence Training and Anti-Terrorism Training. In Bakersfield I served in the criminal street gang investigation division and was a Field Training Officer. I am currently a member of the Chelan County regional

EXHIBIT 

SWAT team and am a Police Training Officer for the Wenatchee Police Department. I hold a Bachelor of Arts degree in History with a minor in Economics. In my thirteen years of work as commissioned law enforcement officer, I have investigated numerous felony and misdemeanor crimes. I have also written and assisted in the service of multiple search warrants.

Probable Cause Narrative:

On 10/11/15, at approximately 1520 hours, I responded to 1419 Orchard St for a harassment threats to kill investigation.

According to Stuller's family, he has a history of suicidal thoughts and statements as well as possible paranoia schizophrenia.

Stuller made a comment to his brother at a family birthday party on 10/10/15 about loving him forever and if he was dead he would still be with his brother and his brother would go on. Other behavior including intoxication displayed by Stuller worried the family as to his condition.

On 10/11/15, Stuller's step father, Lance Leming, decided to search the detached poolhouse where Stuller lives at 1419 Orchard St. He heard from his mother, Anne Leming who owns the residence, Stuller had a shotgun inside after Stuller had agreed not to keep any firearms while living there.

Lance entered and found multiple empty bottles of vodka and a loaded Tokarev handgun under the cushion of a chair. He also found black boots, black gloves, a black hat, a black vest that holds magazines for firearms and a black full face ski mask out on the kitchen table. Next to this was a grocery bag with multiple empty magazines to an AK-47 type rifle.

Found throughout the apartment were boxes of ammunition and ammunition cans containing ammunition in calibers for 7.62x39mm, 7.62x24mm Tokarev and .40 S&W and various shotgun rounds.

On the counter between the kitchen and the living room, Lance found 5 pieces of yellow notepad paper folded up. He unfolded the papers and found writing on it. He said was in Stuller's handwriting.

The paper had a list of ammunition rounds for a Kalashinikov rifle for 310 rounds full metal jacket, a Tokarev pistol with 18 rounds full metal jacket and for a Glock 22 pistol with 60 rounds hollow point. This list coincides with the ammunition found in the apartment.

There is also an address listed for 408 5th St, which is the address of Herring and Associates Inc, with a phone number and hours of business.  The paper then lists, "COMMUNISTS" with the names of

> Lee Herring
> Del Herring
> Melissa Bohart
> Jolene Baker
> Dane Lewman
> Kristy Flores
> Jared McCubbin

These are all employees or former employees of Herring and Associates.

Lee, Melissa, Jolene, Dane and Kristy all have an asterisk next to their name.  The list shows that the asterisk stands for "9:30-10:45 am high profile targets likely in office".  It also lists that there are 2-3 maintenance workers, with the word, "kill" next to them.  The list goes on with a description of multiple vehicles which most likely belong to the same employees including a black GMC Yukon, which Melissa is known to drive.

Then there is a double asterisk with "MINIMIZE CIVILIAN CASUALTIES", followed by "x2 pump action shotguns-11 rounds buckshot".

The next four pages go on about annoyance, anger, rage, vengeance and an apparent list of problems Stuller is suffering from.

The papers also state, "The social impact of my retribution will no doubt lead to being labeled a lunatic who exploited my rights guaranteed to me by the 2nd Amendment.  They will blame all gun owners, and the NRA for the actions of one lone soldier, labeling the NRA and American gun owners as maniacs in their totality rather than singling out the criminal elements within it, such as myself."  It also says, "Just understand that I have been suffering more than any of my victims will suffer".

Next to the notebook papers were three business cards from Herring and associates.

An AK-47 rifle and a pump shotgun were retrieved from Stuller's other grandparent's house at 199 Brookside Wy. in Wenatchee, where they were stored by Stuller.

The papers were obviously a list of Herring and Associates employees to be killed by Stuller who was obviously planning to carry out an active shooter type of incident.  The fact that Stuller had the list of names as well as listing to kill the maintenance workers shows who his targets were.  The fact that Stuller had a list of vehicles associated with the Herring and Associates employees shows he has been stalking the employees as well at the business where they work in order to know what times they would be there.  The black clothing with ski mask and ammunition vest as well as the ammunition and loaded

pistol and the AK-47 and shotgun that were retrieved, show Stuller's intent on carrying out a plan for murder.

In speaking with Stuller's mother, she said Stuller had previously lived in an apartment that was under the supervision and control of Herring and Associates.  She said Stuller once told her that Lee Herring's voice was stuck in his head and was telling him terrible things and he was unable to get it out.

On 2/23/15, at approximately 0908 hours, Stuller had entered Herring and Associates at 408 5th St and took photographs of the business, offices and hallway with a cell phone before flipping off Jolene Baker and Melissa Bohart, who called the incident in to Police. (15W02497)  Stuller fled the scene and was contacted by Officers.  Melissa knew it was Stuller as he was currently at that time a renter at one of their locations (1116 1st St.).

Probable cause exists for the arrest of Stuller for 7 counts of conspiracy to commit murder 1 and 7 counts of stalking for the 7 names of the Herring and Associates employees who were written on Stuller's hit list.

I believe that upon serving this search warrant on the listed vehicle as well as on Stuller's residence, further evidence of the above listed crimes will be located.


I certify under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge and belief.

Sworn and subscribed on: @ Wenatchee, WA

Oct. 12 2015 @ 1:52 p.m.
_____
Date & Time

_____
Judge   Lesley A. Allan

_____
Affiant

Seth Buhler, Officer, WPD
Name, Title & Agency

**Exhibit 3** is a Forensic Psychological Evaluation by Dr. Kenneth Muscatel, Ph.D. dated October 10, 2016, pending Motion to Seal.

EXHIBIT **3**

FILED

OCT 2 8 2016

Kim Morrison
Chelan County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CHELAN

STATE OF WASHINGTON,                    )    15-1-00691-7
                        Plaintiff,      )
vs.                                     )    JUDG .MENT AND ORDER FOR
                                        )    ACQUITTAL BY REASON OF
JOSHUA B. STULLER,                      )    INSANITY
                        Defendant,      )
                                        )    J OARI
_____ )

This matter having come on for hearing this 28th day of October, 2016, on the

defendant's motion for judgment of Acquittal by Reason of Insanity pursuant to RCW

10.77.080, and the defendant being present in person and represented by counsel, Keith W.

Howard, and the plaintiff being represented by Douglas Shae, Prosecuting Attorney for the

County of Chelan.

The court having read and considered the written report of Kenneth Muscatel PhD.,

along with the files and records herein supporting the crimes of Felony Harassment-Seven

Counts; The defendant waived reading of the Information charging the defendant with the

crimes of Felony Harassment-Seven Counts; The defendant was advised by the court of all

of his constitutional rights including his right to plead or answer to the Information, his

JUDGEMENT AND ORDER FOR
ACQUITTAL BY REASON OF INSANITY

COUNSEL FOR DEFENSE
*of* Chelan County
115 S. Chelan
Wenatchee, WA 98801
(509) 663-2444

EXHIBIT 4



1   right to trial by jury, to be confronted by the witnesses against him and to call witnesses on his

2   own behalf, to testify or not to testify in his own behalf as he chose, and of his right to

3   counsel. Asked if he was ready to plead to the Information, the defendant stated that he was

4   and entered a plea of Not Guilty by Reason of Insanity to the crimes of Felony Harassment-

5   Seven Counts as charged in the 2nd Amended Information. Now, Therefore,

6

7   IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant,

8   Joshua B. Stuller is hereby acquitted of the crimes of Felony Harassment-Seven Counts by

9   reason of insanity. These crimes are Class C Felonies which carry a maximum sentence of 5

10  years. The defendant will receive credit for time served as calculated by the Chelan County

11  Regional Justice Center who shall provide that information to Eastern State Hospital. The

12  maximum possible release date has therefore been computed to be October 11, 2020.

13

14  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant,

15  Joshua B. Stuller is a substantial danger to himself or others or presents a substantial

16  likelihood of committing felonious acts jeopardizing the public safety or security based upon

17  a mental disease or defect and is in need of control by the Court or other persons or

18  institutions, and therefore is hereby committed to the custody of the Secretary of the

19  Department of Social and Health Services at Eastern State Hospital, pursuant to RCW 10.77

20  for medical and psychiatric treatment as directed by the Department of Social and Health

21  Services, and that the Sheriff of Chelan County, Washington, is hereby ordered to deliver

22  defendant to the custody of the Superintendent at Eastern State Hospital.

23

24  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant,

25  Joshua B. Stuller, shall remain at Eastern State Hospital or such other facility as the Secretary

26

27

28  JUDGEMENT AND ORDER FOR
    ACQUITTAL BY REASON OF INSANITY

COUNSEL FOR DEFENSE
*of* Chelan County
115 S. Chelan
Wenatchee, WA 98801
(509) 663-2444

shall designate subject only to further proceedings of this court for conditional release and/or

final discharge. *Eastern to notify Chelan Co. Prosecutor's office before release.*

Dated this _28th_ day of _October_, 2016.

_____
Judge of the Superior Court for the
County of Chelan

Presented by:

_____
Douglas Shae, WSBA #17942
Prosecuting Attorney

Approved as to form for entry this _28_
Day of _Oct_, 2016

_____
Keith W. Howard, WSBA # 19226
Attorney for Defendant

JUDGEMENT AND ORDER FOR
ACQUITTAL BY REASON OF INSANITY

**COUNSEL FOR DEFENSE**
*of* Chelan County
115 S. Chelan
Wenatchee, WA 98801
(509) 663-2444

FILED

DEC 1 9 2017

Kim Morrison
Chelan County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff<br><br>vs.<br><br>JOSHUA STULLER,<br><br>Defendant. | NO.   15-1-00691-7<br><br>**ORDER FOR CONDITIONAL RELEASE** |

**THIS MATTER** having come before the Court upon the petition of Eastern State Hospital for an Order of Conditional Release of the Defendant Joshua Stuller.

**THE COURT HEREBY ENTERS THE FINDING OF FACT AND CONCLUSION OF LAW** that Joshua Stuller is not a substantial danger to other persons nor does he present a substantial likelihood of committing criminal acts jeopardizing public safety or security as long as the conditions of release set forth in this order are followed.

**NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Joshua Stuller be conditionally released for the remainder of his commitment period subject to the successful completion of the PARTIAL CONDITIONAL RELEASE, CONDITIONS OF RELEASE as set forth below, and subject to the TREATMENT TEAM RECOMMENDATIONS FOR CONDITIONAL/LESS RESTRICTIVE RELEASE attached hereto and incorporated by reference herein.

CONDITIONAL RELEASE

1

ATTORNEY GENERAL OF WASHINGTON
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

EXHIBIT  5

**IT IS FURTHER ORDERED, ADJUDED AND DECREED** that Joshua Stuller shall:

1. Be placed on a partial conditional release from Eastern State Hospital to the Spokane area for the purpose of alcohol/drug education and treatment, education, and vocational training in the Spokane area, and other pertinent relevant classes and activites that interest and may be of benefit to him; said releases shall be at discretion of the treatment team at Eastern State Hospital and shall only be with the approval of the treatment staff of Eastern State Hospital. Release is to include overnight visits in the Spokane area with Mr. Stuller's parents. Mr. Stuller shall continue to reside at Eastern State Hospital under their care and supervision at all other times.  Eastern State Hospital shall immediately refer for intensive outpatient treatment with SPARC upon entry of this order, with placement to occur as soon as provider is able to do so.

2. Mr. Stuller shall be allowed to go on staff escorted outings to further assist in additional reintegration efforts in Spokane County.

3. Mr. Stuller shall participate in such treatment classes as deemed beneficial and necessary by his Eastern State Hospital treatment team.

4. Mr. Stuller shall be allowed to move within the Eastern State Hospital Campus boundaries unescorted pursuant to the Forensic Services Unit policies and procedures.

5. Mr. Stuller shall take all medications as prescribed by a licensed physician.

6. Mr. Stuller shall report immediately to the community services offices of the Department of Corrections and remain under the supervision of a community corrections officer employed by the Department of Corrections and report to said officer as required.

7. Mr. Stuller shall not possess alcoholic beverages, controlled substances, including marijuana and non-prescribed drugs, and cooperate with scheduled and random UA requests from CCO and ESH 2N3 treatment team.

8. Mr. Stuller shall not possess any explosive devices or material, nor any firearms or other weapons.

9. Mr. Stuller shall not leave Washington State or travel to Chelan or Douglas Counties without permission of the court and/or the community corrections officer.

10. Mr. Stuller shall maintain good conduct in the community and shall not violate any laws or ordinances of this or any other state or municipal subdivision thereof.

11. Mr. Stuller shall not enter any bars, taverns or any establishments where alcohol is the primary source of revenue.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

Mr. Stuller shall be conditionally released from Eastern State Hospital upon successful completion of intensive outpatient substance abuse treatment as determined by the provider, so long as there is no deterioration in functioning as determined by Eastern State Hospital Treatment team, and no violations of the above stated terms and conditions of partial conditional release to reside in King County or Snohomish County at a residence selected and/or agreed to by Eastern State Hospital. The Hospital shall, promptly after the entry of this Order, evaluate the appropriateness of Mr. Stuller residing with his parents. If the Hospital recommends against this option and recommends the placement of Mr. Stuller in a Residential Treatment Facility, it shall immediately start the placement process to prevent a delay in his release.

1. Mr. Stuller shall not change such residence without the permission of his assigned community corrections officer/Eastern State Hospital community forensic social worker, and shall follow the house rules of said residence;

2. Mr. Stuller shall enter into mental health treatment near his residence with a mental health provider designated by Eastern State Hospital, and follow the treatment regime required by said provider;

3. Mr. Stuller shall take all medications as prescribed by a licensed physician;

4. Mr. Stuller shall maintain or be actively seeking schooling or employment/training;

5. Mr. Stuller shall submit to urinalysis (UA) for illicit drugs as determined by his community corrections officer, Eastern State Hospital community forensic social worker, or a community mental health professional, on an unscheduled or scheduled basis;

6. Mr. Stuller shall submit to regular testing (blood, UA, Breathalyzer) as determined by his community corrections officer, Eastern State Hospital community forensic social worker and/or treatment/monitoring providers on an unscheduled or scheduled basis;

7. Mr. Stuller shall have regular contact with the Eastern State Hospital community forensic social worker throughout the duration of the reintegration process, to include submission of

a completed Conditional Release report each 60 days or as determined by the Eastern State Hospital community forensic social worker;

8. Mr. Stuller shall consent to Department of Corrections' home visits to monitor compliance with supervision. Home visits include access for the purposes of visual inspection of all areas of residence in which Mr. Stuller lives or has exclusive/joint control/access;

9. Mr. Stuller will keep all appointments with and follow all treatment recommendations of his primary care provider, or other assigned physician(s) who will monitor his medical needs;

10. Mr. Stuller will keep all appointments and follow all treatment recommendations of his psychiatrist, or other assigned psychiatrist monitoring his psychiatric needs;

11. Mr. Stuller will keep all appointments and follow treatment recommendations of his treatment team including Alcoholic's Anonymous or other designated aftercare treatment;

12. Mr. Stuller will not substantially deteriorate in his routine level of functioning;

13. Mr. Stuller will maintain his own health and safety in community.

**Supervision by Community Corrections Officer:**

14. Mr. Stuller shall report immediately to the Community Services Office of the Department of Corrections and remain under the supervision of a community corrections officer employed by the Department of Corrections and report to said officer as required and shall follow explicitly the instructions of said officer and the Department of Corrections shall assign a community corrections officer to supervise Mr. Stuller;

15. The supervising community corrections officer and the community forensic social worker shall prepare and submit six-month reports to the court, the prosecuting attorney of Chelan County, each other, and the Community Mental Health Liaison. Special reports shall be made immediately upon any significant deterioration of Mr. Stuller's condition or any violation of the terms of this order;

16. In addition to the written reports required pursuant to RCW 10.77.160, each of Mr. Stuller's medical and mental health providers, Eastern State Hospital, and Department of Corrections community corrections office shall disclose to each other and to the

CONDITIONAL RELEASE                    4

prosecutor orally or in writing, information regarding Mr. Stuller's treatment and compliance with the terms of his order of Conditional Release;

**Restrictions upon Conditional Release:**

17. Mr. Stuller shall not use or possess alcoholic beverages or controlled substances, to include THC (marijuana), or non-prescribed drugs;

18. Mr. Stuller shall not possess any explosive devices or materials nor any firearms or other weapons;

19. Mr. Stuller shall not leave Washington State or travel to Chelan or Douglas Counties without permission of the court and/or the community corrections officer;

20. Mr. Stuller shall maintain good conduct in the community and not violate any laws or ordinances of this or any other state or any municipal subdivision thereof;

21. Mr. Stuller shall not enter any bars, taverns, or any establishments where alcohol is the primary source of revenue;

22. Mr. Stuller shall abide by curfew hours designated by his community corrections officer;

23. Mr. Stuller will refrain from any threats or acts of harm to self, others, or property.

24. Mr. Stuller will abide by any No Contact Orders/Orders of Protection/Anti-Harassment or Restraining Orders issued out of any other court or jurisdiction, including but not limited to any Municipal Court, District Court, Superior or Federal Court.

**Return to the Hospital:**

25. Should Mr. Stuller, in the judgment of his community mental health therapist, treating physician, community corrections officer, and/or Eastern State Hospital, not remain in his current state of partial remission from the effects of his mental disease and/or exhibit significant signs of decompensation, he shall receive community-based emergency treatment as ordered by them. If appropriate treatment cannot be provided in the community, he shall forthwith be returned to Eastern State Hospital for evaluation and necessary treatment. Eastern State Hospital shall report its findings and recommendations to the court for modification or revocation of his Conditional Release;

**Emergency Arrest, Detention and Hospitalization:**

26. The community corrections officer may order Mr. Stuller apprehended and taken into custody for hospitalization and evaluation until a hearing can be scheduled to determine the

CONDITIONAL RELEASE                     5

1    facts.  The community corrections officer must have evidence that Mr. Stuller is failing to

2    adhere to the terms and conditions of Conditional Release or has become a substantial

3    danger to other persons or presents a substantial likelihood of committing criminal acts

4    jeopardizing public safety and security.  The court and the prosecuting attorney shall be

5    notified by Eastern State Hospital before the close of the next judicial day after the

    apprehension;

6    27. Should Mr. Stuller be determined to not be residing at his authorized placement, the

7    person making that determination shall immediately notify the Forensic Services Unit

8    administrative secretary or the community forensic social worker.

9    **IT IS FURTHER ORDERED, ADJUDED AND DECREED** that, under the authority of

10    RCW 71.05.340, the Chief Executive Officer of Eastern State Hospital (or her designee) shall notify

11    law enforcement and a DMHP for the pick-up and transport of Joshua Stuller to an evaluation and

12    treatment facility for an evaluation to determine if a petition for revocation of this Order of

13    Conditional Release is warranted.

14    **Mr. Stuller is hereby notified and advised** that as an individual involuntarily committed

15    for treatment of a mental disorder under RCW 71.05, you may not possess, in any manner, a firearm

16    as defined in RCW 9.41.010 until that right is legally reinstated.

17    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Sheriff of

18    Spokane County or other residing county or any Peace Officer shall, in the case of the defendant

19    escaping from the evaluation and treatment facility named herein, apprehend, detain and return the

20    defendant to said evaluation and treatment facility the County Designated Mental Health

21    Professional may designate.

22    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that should defendant be

23    committed to Eastern/Western State Hospital and subsequently, require medical treatment,

24    defendant may be transferred as an involuntary patient to an area medical facility.  Following

25    discharge defendant will be transferred to Eastern State Hospital.  Defense counsel and Community

26    Mental Health Center will be notified of the change in status on the next business day.

CONDITIONAL RELEASE                    6                    ATTORNEY GENERAL OF WASHINGTON
                                                              1116 West Riverside Avenue, Suite 100
                                                              Spokane, WA 99201-1106
                                                              (509) 456-3123

1

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Eastern State

2 Hospital shall immediately upon entry of this order fulfill the notice requirements of RCW 10.77 by

3 informing required officials in Spokane, King, and Snohomish Counties of all aspects of this order

4 and Mr. Stuller's pending release. The mandatory waiting period prior to release is to occur only

5 once; there shall not be an additional waiting period between the partial conditional release and full

6 conditional release. (✱)

7 DATED this 15ᵗʰ day of December, 2017.

8

9 _____

JUDGE/COURT COMMISSIONER

10

Presented by

11

12 /s/ Andrew Biviano
Andrew Biviano, WSBA #38086

13 Attorney for Defendant

14

15 Douglas Shae, WSBA #17942
Prosecuting Attorney

16

17 Approved as to Form:

18

19 Approved by telephone
Jamey Minnihan, WSBA#49896

20 Assistant Attorney General

21

22

23

24

25

26

*(✱) It is further agreed and ordered that defendant shall be allowed to start participation in the SPARC treatment program as soon as a bed is available, even if the notice period of RCW 10.77.163 has not expired. In that event, the state shall escort defendant to and from treatment sessions.*

CONDITIONAL RELEASE                    7

ATTORNEY GENERAL OF WASHINGTON
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123